UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| GARY ALAN NOBLE, | ) | Case No. C06-579-JLR-JPD |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MINUTE ORDER RE: |
| | ) | ORAL ARGUMENT |
| SANDRA CARTER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The following minute order is made at the direction of the Court, the Honorable James P. Donohue, United States Magistrate Judge:

The Court has set oral argument on the Petition for Habeas Corpus for Thursday, January 18, 2007, at 2:30 p.m. Each side will have up to 30 minutes to present argument. To assist the parties in their preparation, the Court is interested in having the following issues addressed in argument:

1. The Washington appellate courts failed to even mention *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001). Can a state court decision that fails to even cite this critical Supreme Court decision be held to not violate clearly established federal law?

2. In this case, it appears that some kind of a hearing took place before the juvenile court judge. For example, one of the orders of the King County Superior Court regarding the 1969 conviction directs the transcription of statements made by law enforcement officers during the juvenile court proceedings. *See* Administrative Record ("AR") at App. C. at 1-2 (order filed March 4, 1969). Is there any evidence in the record that the petitioner was

MINUTE ORDER RE: ORAL ARGUMENT
PAGE - 1

represented by counsel or waived his right to be represented while before the juvenile court?

3. In *Kent v. United States*, 383 U.S. 541 (1966), the Supreme Court held that a juvenile court's determination to retain or waive jurisdiction over a defendant is a "critical stage" in a criminal proceeding, during which the basic guarantees of due process attach, including the right to counsel. While there is no "constitutional right to be tried in a juvenile court," *In re Personal Restraint of Boot*, 130 Wn.2d 553 (1996), can the state court appellate decisions in this matter be read consistently with *Kent*, particularly when it is not even mentioned?

4. The petitioner was arrested on October 19, 1968, approximately three weeks before he turned 18 years of age (*see* AR, Ex. 9 at 6), and charged in King County Superior Court on November 18, 1968, approximately six days after he turned 18 years of age. *See* AR, Ex. 5 at 2-3. Under *State v. Kramer*, 72 Wn.2d 904, 907 (1968), when a juvenile cause is not heard on its merits prior to the time the juvenile reaches 18 years of age, the juvenile court loses jurisdiction over the cause. If this is the case, why doesn't the date of charge and guilty plea govern this matter?

5. Does the Seventh Circuit's recent decision in *Grigsby v. Cotton*, 456 F.3d 727 (7th Cir. 2006), provide support for the proposition that any juvenile decline hearing was optional and transfer to superior court automatic upon return of the information against petitioner, and for that reason, provision of counsel at the juvenile hearing (and the hearing itself) was not a "critical stage" under *Gideon* at the time it occurred?

This list is not meant to preclude counsel from addressing other issues as they deem appropriate.

DATED this 16th day of January, 2007.

Bruce Rifkin
Clerk of the Court

/s/ Peter H. Voelker
Peter H. Voelker
Deputy Clerk

MINUTE ORDER RE: ORAL ARGUMENT
PAGE - 2